PER CURIAM.
Appellant was the defendant in an action brought by the plaintiff appellee for recovery of money damages for defendant’s failure to return a cash deposit which the plaintiff had given to the defendant as a good faith deposit in connection with an agreement entered into between plaintiff and defendant, a mortgage broker, for its services in procuring a mortgage loan commitment on property belonging to plaintiff.
The defendant denied that it was indebted to plaintiff and counterclaimed for a brokerage commission on the mortgage loan commitment which it alleged it obtained in accordance with the agreement between plaintiff and defendant. Plaintiff in his reply to the counterclaim denied that he was indebted to defendant.
The issues were tried in a non-jury trial and the court held that the plaintiff was entitled to recover $6,500.00 from the defendant on his complaint and that the defendant was not entitled to recover on its counterclaim.
The trial judge found that there was not an agreement entered into by which the plaintiff could bind the defendant; that the undertaking was unilateral in nature; that the defendant did not complete its obligation under the latter agreement entered into between plaintiff and defendant; that the defendant sought to rewrite the agreement between the parties and that the plaintiff did not agree to be bound by the terms of the mortgage which defendant procured.
It is appellant’s contention that the trial court’s findings of fact were not supported by the evidence and that his conclusions-of *514 law were contrary to the controlling principles of law.
We have considered the points on appeal in the light of the record, briefs and arguments of counsel and have concluded that the judgment appealed from should be affirmed as no reversible error has been made to appear.
Affirmed.